IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sean Thomas Orabona <br>                 Debtor(s) | CHAPTER 13 |
| BANK OF AMERICA, N.A. <br>                 Movant <br> vs. | NO. 21-12880 PMM |
| Sean Thomas Orabona <br>                 Debtor(s) | |
| Scott F. Waterman <br>                 Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the Vehicle held by the Movant on the Debtor's N 2017 GRAND DESIGN 3150BH ("Vehicle"), bearing a VIN Number 573TE3629H3402479, is **$767.36**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 30, 2022 through May 30, 2022 at $283.42/month |
| Suspense Balance: | ($82.90) |
| **Total Post-Petition Arrears** | **$767.36** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). Within fourteen (14) days, following court approval of the Stipulation, Debtor(s) shall an immediate full payment of the total arrears of **$767.36** to the address below:

    BANK OF AMERICA, N.A.
    P.O. BOX 660933
    DALLAS, TX 75266

    b). Maintenance of the monthly vehicle payments to the Movant shall resume on or about June 30, 2022 and thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation and the loan is more than sixty (60) days in default, the Movant shall notify

Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: June 15, 2022

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.

Date: 6/17/2022

/s/ Peter J. Mulcahy, Esquire
Peter J. Mulcahy, Esq.
Attorney for Debtor(s)

Date: 6/24/22

Scott F. Waterman, Esq.
Chapter 13 Trustee

Approved by the Court this 27th day of June, 2022. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Patricia M. Mayer